UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOUISE MEANWELL,

                        Plaintiff,

-against-

CHARLOTTE MURPHY, M.D.,

                        Defendant.
------------------------------------------------------------------------X

Docket No.: _____ /2013

**COMPLAINT**

Plaintiff requests a jury trial

      Plaintiff, LOUISE MEANWELL (hereinafter "Plaintiff"), by her attorneys, Vandamme Law Firm, P.C., as and for her Complaint against defendant CHARLOTTE MURPHY, M.D., ("Defendant") alleges as follows:

## PARTIES

1. Plaintiff LOUISE MEANWELL is a resident of New Jersey.

2. Defendant CHARLOTTE MURPHY, M.D., is a New York licensed physician with her principal place of business at 99 University Place, New York, NY 10003.

3. Defendant CHARLOTTE MURPHY, M.D, is in the business of providing medical care to the public.

4. Defendant CHARLOTTE MURPHY, M.D., hires nurses, medical support staff, and other medical providers to provide medical care to the public.

5. Defendant CHARLOTTE MURPHY, M.D., regularly reviews the record, credentials of those nurses, support staff, and medical providers with whom she entered into contract.

6. Defendant CHARLOTTE MURPHY, M.D., is a psychiatrist who practices in New York.

**JURISDICTION**

7. United States District for the Southern District of New York has subject matter jurisdiction over this matter since the defendant CHARLOTTE MURPHY, M.D., resides in the Southern District of New York, the occurrence giving rise to this Complaint took place in this District, and the Plaintiff LOUISE MEANWELL is a resident of New Jersey. The court's jurisdiction is based upon 28 U.S.C. § 1331; 29 U.S.C. § 1132, and applicable principles of supplemental jurisdiction under 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and 29 U.S.C. §1132(e)(2).

**FACTS**

8. From or about August 2010 until January 10th, 2012, plaintiff LOUISE MEANWELL treated with defendant CHARLOTTE MURPHY, M.D.

9. Defendant CHARLOTTE MURPHY, M.D., agreed to render medical care to plaintiff LOUISE MEANWELL giving rise to a doctor/patient relationship.

10. From or about August 2010 until January 10th, 2012, plaintiff LOUISE MEANWELL received medical treatment performed by defendant CHARLOTTE MURPHY, M.D.

11. On or about January 27, 2012, defendant CHARLOTTE MURPHY, M.D, disclosed confidential medical information without plaintiff's consent to third parties.

12. On or about January 27, 2012, defendant CHARLOTTE MURPHY, M.D., disclosed false information about plaintiff's medical condition to third parties.

13. Defendant CHARLOTTE MURPHY, M.D. knew that the disclosure of confidential and false medical records pertaining to the Plaintiff's medical condition was in violation of the applicable state and federal laws, including but not limited to the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA").

14. Specifically, on or about January 27, 2012, the defendant CHARLOTTE MURPHY, M.D., disclosed both confidential and false information about the Plaintiff's health condition to BRIAN CASHMAN, the general manager of the New York Yankees and plaintiff's former boyfriend.

15. On or about January 27, 2012, the defendant CHARLOTTE MURPHY, M.D., disclosed both confidential and false information about the plaintiff's medical condition to Caroline Meanwell, the plaintiff's mother.

16. In addition, on or about January 31, 2012, the defendant CHARLOTTE MURPHY, M.D., disclosed both confidential and false information about the plaintiff's medical condition to Manhattan Assistant District Attorney Eric Iverson without receipt of a subpoena ordered by a Judge of the New York State Supreme Court.

17. Defendant CHARLOTTE MURPHY, M.D., was negligent and reckless in disclosing both confidential and false information regarding the Plaintiff's alleged medical condition to third parties.

18. As a result of the defendant CHARLOTTE MURPHY, M.D.'s actions, the Plaintiff LOUISE MEANWELL sustained severe psychological damage as well as significant and irreversible damage to her reputation.

19. In addition, defendant CHARLOTTE MURPHY, M.D.'s actions caused Plaintiff LOUISE MEANWELL to be arrested and incarcerated for over 5 months.

**AS AND FOR A FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE**

20. The Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 19 as if fully set forth herein.

21. The defendants, their agents and employees, provided hospital and medical care to LOUISE MEANWELL.

22. The Defendant held out to the general public that she was medically competent and skillful to provide medical treatment.

23. The Defendant was required to provide medical treatment that was in accordance with the approved and accepted medical standards and practices.

24. In or about January 2012, the defendant, her agents, servants, partners, and/or employees, were negligent, careless and reckless, and committed malpractice by disclosing both confidential medical and false information regarding the Plaintiff's medical condition to third parties.

25. The Defendant was negligent, careless, and reckless by providing confidential medical information and false information to third parties without plaintiff's consent; in failing to properly supervise; in failing to have proper consultations with the plaintiff a timely manner; in departing from accepted standard of practice; in failing to give adequate and proper instructions; in providing false information to the plaintiff's health insurance carrier; in billing for alleged January 17, 2012 and January 27, 2012 visits that never took place, and in failing to follow good medical practices and standards.

26. As a result of the defendant's malpractice, Plaintiff LOUISE MEANWELL was caused to suffer conscious pain and suffering, loss of enjoyment of life, incarceration, and sustain serious and permanent injuries of her reputation, and incurred costs, medical and related expenses and special damages.

27. Consequently, plaintiff LOUISE MEANWELL is entitled to damages, in an amount to be determined by the trier of fact.   The amount of damages sought in this action exceeds the

jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR DEFAMATION

28. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Under the common law of New York, plaintiff is entitled to damages for slander upon proof of an oral defamatory statement of fact, regarding the plaintiff, published to a third party by the defendant, and injury to the plaintiff. Plaintiff is entitled to punitive damages for such statements published with actual malice.

30. As set forth above, defendant CHARLOTTE MURPHY, M.D., by disclosing false information regarding the plaintiff's medical condition, has slandered the Plaintiff with actual malice. Accordingly, the Plaintiff is entitled to recover damages, including punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant CHARLOTTE MURPHY, M.D., by intentionally disclosing false information regarding the plaintiff's medical condition to the public, has caused the Plaintiff severe emotional distress.

33. Accordingly, the Plaintiff is entitled to recover damages.

### AS AND FOR A FOURTH CAUSE OF ACTION - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Defendant intentionally and/or negligently interfered, physically or otherwise, with the

solitude, seclusion, or private concerns or affairs of the Plaintiff.

36. Defendant intentionally and/or negligently caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct which intruded and invaded upon the Plaintiff's right to privacy.

37. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and/or private concerns or affairs.

38. These intrusions and invasions by defendant occurred in a way that would be highly offensive to a reasonable person in a similar situation.

39. As a result of such invasions of privacy by the defendant, Plaintiff has sustained and is entitled to damages in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff LOUISE MEANWELL demands judgment against defendant CHARLOTTE MURPHY, M.D., in the amount and for relief requested herein, including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
October 11, 2013

Yours, etc.,

VANDAMME LAW FIRM, P.C.

*/s/Hendrick Vandamme*
Hendrick Vandamme, Esq.
149 Madison Avenuie, Suite 1150
New York, New York 10016
212-851-6916